# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| IN RE: D.D. | : | APPEAL NOS. | C-250545 |
| | | | C-250546 |
| | : | | C-250547 |
| | | TRIAL NOS. | 24/1557-01 Z |
| | : | | 24/1557-02 Z |
| | | | 24/1557-04 Z |
| | : | | |
| | : | *JUDGMENT ENTRY* | |
| | : | | |

This cause was heard upon the appeals, the record, the briefs, and the arguments.

For the reasons set forth in the Opinion filed this date, the judgments of the trial court are reversed and the appellant is discharged.

Further, the court holds that there were reasonable grounds for these appeals, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/15/2026 per order of the court.**

**By:**_____
          **Judge**

**[Cite as *In re D.D.*, 2026-Ohio-2699.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| IN RE: D.D. | : | APPEAL NOS. | C-250545 |
| | | | C-250546 |
| | : | | C-250547 |
| | | TRIAL NOS. | 24/1557-01 Z |
| | : | | 24/1557-02 Z |
| | | | 24/1557-04 Z |
| | : | | |
| | : | *O P I N I O N* | |
| | : | | |

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: July 15, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela Chang*, Hamilton County Public Defender, *Angela Landa* and *Jessica Moss*, Assistant Public Defenders, for Defendant-Appellant.

**MOORE, Judge.**

{¶1}    Defendant-appellant D.D. appeals his adjudications for three counts of aggravated menacing, arguing that the State failed to properly authenticate State's exhibit 3. He also asserts that his adjudications were not supported by sufficient evidence and were against the manifest weight of the evidence because the State failed to prove beyond a reasonable doubt his identity as the one who was pointing a gun at the complaining witnesses. Because the evidence was insufficient to support the adjudications, the judgments of the juvenile court are reversed, and D.D. is discharged from further prosecution.

## I.  Factual and Procedural History

{¶2}    D.D. was charged with committing acts that, had they been committed by an adult, would have constituted three counts of aggravated menacing, first-degree misdemeanors. The matter proceeded to trial on September 3, 2025.

{¶3}    The victims, W.W. and two of her sons, testified to the events leading to the incident when a blue car was side by side with W.W.'s car. W.W. testified that a blue car pulled out of the drive-through into her lane, forcing her to swerve, and later pulled alongside her vehicle. She recalled seeing both the driver and the passenger of the car with guns. She stated that the driver's gun was pointed at her son who was sitting in the passenger seat, and the front passenger in the blue car was pointing a gun at her.

{¶4}    State's exhibit 1, a video of the roadway area, was paused at the point that depicted a blue car leaving the drive-through and pulling into the lane where W.W. was driving, nearly hitting her car. W.W. testified that she was familiar with the area, and that the area shown on the video as it was paused was an accurate depiction of where the blue car pulled out of the drive-through and into her lane. She identified

the blue car in the surveillance video as the one that almost hit hers.

{¶5} D.D. objected to the exhibit, arguing that no foundation was laid and it was not properly authenticated as W.W. did not create the video and could not testify as to how it was created or maintained. Citing *State v. Smith*, 2024-Ohio-2416, the State responded that the video was properly authenticated under Evid.R. 901 because the threshold is low and it was a video of what W.W. claimed it to be—a depiction of the incident as she passed the drive-through.

{¶6} W.W. called 9-1-1 about 15-20 minutes after the incident. State's exhibit 2 was the 9-1-1 call. Only the first four minutes and 16 seconds of the 9-1-1 call were admitted into evidence. The State clarified that the statements heard being made by other individuals to W.W. during the call were not offered to prove the truth of the matter asserted. D.D. objected, arguing the call contained inadmissible hearsay. In response, the State specified that a 9-1-1 call is not testimonial in nature and is intended to notify law enforcement of an emergency.

{¶7} One of W.W.'s sons testified that he was sitting in the front passenger seat of his mother's car and observed four occupants in the blue car. He recalled seeing three of the occupants with guns, including the driver, who was pointing his gun in the direction of his mother's car. He testified that he saw the passenger in the back seat holding a gun, but not "exactly pointing it directly" at their car.

{¶8} Officer Cameron Mullis testified that he knew D.D., because D.D. had lived in Officer Mullis's patrol area. The officer testified that, upon being presented with the still image, he identified D.D. as the driver. He further testified that it is normal practice for detectives to show patrol officers photographs in establishing identities during an investigation.

{¶9} Cincinnati Police Detective Meredith Newman testified that another

officer retrieved the drive-through video (State's exhibit 4) from the date and time of the incident and that the officer's body-worn camera showed the inside of the drive-through, which is how she knew the video the officer retrieved was of the drive-through. Detective Newman testified that she reviewed the footage, zoomed in, and captured a still image depicting D.D. in a vehicle (State's exhibit 3). Detective Newman showed the photo to Officer Mullis, who identified D.D. Detective Newman explained that she also showed the still image to D.D. during his police interview and D.D. identified himself.

{¶10} The juvenile court initially sustained defense counsel's objection to admitting exhibit 3 and asked the State to lay more foundation. The State explained that State's exhibit 3 was taken from State's exhibit 4, the surveillance video from inside the drive-through during the time the blue car was there on the date of the incident.

{¶11} The State then marked State's exhibit 4 for identification and played a short portion, but it was not moved into evidence. Detective Newman testified that the exhibit was a fair and accurate depiction of the video from inside of the drive-through that she reviewed, the timestamp reflected June 26, 2024, at 3:12 p.m., and the video was obtained from inside of the drive-through. The State explained that it did not seek to admit State's exhibit 4 into evidence but again moved to admit State's exhibit 3. The juvenile court admitted State's exhibit 3 over D.D.'s objections that the State failed to authenticate it. D.D. further argued that its admission, being a duplicate, was against the best-evidence rule.

{¶12} D.D. moved for Crim.R. 29 judgments of acquittal, which were denied. D.D. was adjudicated delinquent on all three charges, and this appeal followed.

## II. Analysis

**{¶13}** D.D. raises two assignments of error, arguing that the court erred in admitting an image that was not properly authenticated, and that his adjudications were not supported by sufficient evidence and against the manifest weight of the evidence. Because our resolution of D.D.'s second assignment of error renders the remaining assignment moot, we address only D.D.'s sufficiency argument.

### A. Sufficiency

**{¶14}** In his second assignment of error, D.D. argues that there was insufficient evidence to prove that he pointed a gun at W.W.'s car. D.D. contends that, even though he identified himself in State's exhibit 3, the still image, there is insufficient evidence to show that the still was taken from the surveillance video at the same time, date, and place of the events in question. D.D.'s argument has merit.

**{¶15}** A challenge to the sufficiency of the evidence requires the reviewing court to determine whether the State satisfied its burden of production. *State v. Harper*, 2025-Ohio-2059, ¶ 12 (1st Dist.). To determine whether a conviction is supported by sufficient evidence, we "assess whether, construing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the necessary elements of a given crime to have been proved beyond a reasonable doubt." *State v. Rodriguez*, 2024-Ohio-5832, ¶ 8 (1st Dist.).

**{¶16}** R.C. 2903.21(A) provides, "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

**{¶17}** First, in his reply brief, D.D. asserts that the State relies on portions of its exhibit 2—footage after the 04:16 mark—that was not reviewed by the juvenile

court. This argument has merit as any descriptions of the driver of the blue car and its occupants are not heard within the 04:16 mark. This court, therefore, disregards any argument regarding this information as it is outside of the record.

{¶18} D.D. asserts that there was no evidence that the car in State's exhibit 3 was the same car that was seen pulling out of the drive-through in State's exhibit 1. Though D.D. concedes that State's exhibit 1 was properly authenticated, he asserts that State's exhibit 1 does not depict anyone in the blue car pointing a gun at W.W.'s car, acknowledging that the incident occurred "further down the road."

{¶19} Regardless of whether State's exhibit 3, the still image, was properly admitted, it was insufficient to establish beyond a reasonable doubt that D.D. pointed a gun at W.W.'s car. The still image lacked any indication as to the time and date when it was taken. Without that identifying information, that still image arguably could have been taken on a completely different day. The still, therefore, was insufficient to prove D.D.'s identity as the perpetrator beyond a reasonable doubt. D.D.'s second assignment is sustained.

{¶20} Our resolution of the second assignment of error renders the first assignment of error challenging the admission of State's exhibit 3 moot, and we do not address it.

### III. Conclusion

{¶21} For the reasons stated above, we reverse the juvenile court's judgments adjudicating D.D. as delinquent for the offenses of aggravated menacing and discharge D.D. from further prosecution.

Judgments reversed and appellant discharged.

**ZAYAS, P.J.,** and **NESTOR, J.,** concur.